UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ATLANTIC OCEANIC LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-974** |
| **HF OFFSHORE SERVICES MEXICO SAPI DE CV, ET AL.** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is Defendant HF Hunter Shipping Pte. Ltd.'s Emergency Motion for Release of Vessel, Enforcement of Order Vacating Attachment, Contempt, and Sanctions (Doc. 78) and Plaintiff's Motion to Stay Release of Vessel Pending Appeal (Doc. 90). Oral argument was held before the Court on July 3, 2025. For the following reasons, Defendant's Motion is **GRANTED** and Plaintiff's Motion is **GRANTED IN PART**.

### BACKGROUND

This case arises out of a dispute between Plaintiff Atlantic Oceanic LLC and HF Offshore Services Mexico SAPI de CV ("HF Mexico") after HF Mexico breached and then wrongfully terminated a charter. Based on a theory that HF Mexico is the alter ego of HF Hunter Shipping Pte. Ltd. ("HF Hunter"), the owners of *M/V HF Hunter* ("the Vessel") and HF Offshore Towing SAPI de CV ("HF Towing"), Plaintiff filed suit in this district, naming these HF entities as defendants, and seeking attachment of the Vessel to secure its award from a

London arbitration proceeding between it and HF Mexico.[1] The attachment of the Vessel was issued on May 15, 2025 and it was seized.[2]

Defendant HF Hunter filed a motion to vacate the attachment that was ultimately addressed in a Rule E(4)(f) hearing held before Magistrate Judge Dossier on June 18, 2025.[3] In that hearing, Magistrate Judge Dossier heard witness testimony and reviewed exhibits regarding Plaintiff's alter ego theory. On June 20, 2025, Magistrate Judge Dossier issued an Order and Reasons granting Defendant's motion to vacate.[4] The parties filed objections, and Plaintiff filed a Motion to Alter Judgment based on what it alleged was new evidence, which Magistrate Judge Dossier denied. Considering Magistrate Judge Dossier's Order and Reasons—which it construed as a report and recommendation—as well as the record before it and the parties' objections, this Court adopted Magistrate Judge Dossier's decision to grant vacatur of the attachment.[5]

On July 1, 2025, the parties filed the instant motions after Defendant attempted to secure the release of the vessel and was told that because Plaintiff was appealing this Court's Order that it was entitled to a stay. Though the parties filed two separate motions, and responses to each, the primary issue is: what happens to the Vessel now. This issue is decided by this Court's determination of whether Plaintiff is entitled to a stay pursuant to 62(c). As such, the Court will address the parties' arguments regarding this in turn.[6]

---

[1] Doc. 3.
[2] Doc. 7.
[3] Doc. 60.
[4] Doc. 57.
[5] Doc. 77.
[6] While Plaintiff's argue that they are entitled to an automatic stay under Federal Rule of Civil Procedure 62(a), the Court does not agree. Rule 62(a) provides that, "[e]xcept as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." Critically, a motion to vacate a maritime attachment is governed by the Supplemental Rules for Certain

## LEGAL STANDARD

Federal Rule of civil Procedure 62(c) provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." When a court is evaluating the issuance of a stay under Rule 62(c), it must consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.[7]

"While each [factor] must be met, the appellant 'need not always show a probability of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay.'"[8] "A substantial case on the merits refers to the basis of Plaintiff's appeal of the vacatur of attachment."[9]

---

Admiralty and Maritime Claims. Supplemental Rule A(2) states that "[t]he Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with the Supplemental Rules." Supplemental Rule E(5)(c) provides that a vessel "may be released forthwith" upon order of the court. As such, the swiftness with which the Supplemental Rules that govern this matter suggest the release of a vessel is incompatible with an automatic stay. Further, this Court has found no case law to support that an automatic stay pursuant to Rule 62(a) applies to the vacatur of a maritime attachment in this district or circuit. Also, because an "order granting vacatur [is] not a final judgment," the Court finds that Rule 62(c) is the appropriate standard here. *See* Victory Shipping Pte. Ltd. V. 50,109 Metric Tons of Cement, No. 4:22-CV-03689, 2022 WL 17738735, at *2 (S.D. Tex. Dec. 16, 2022).

[7] Hilton v. Braunskill, 481 U.S. 770, 776 (1987).
[8] Arnold v. Garlock, Inc., 278 F.3d 426, 438–39 (5th Cir. 2001).
[9] Swaidan Trading Co., LLC v. Dileton Mar. S.A., No. CV 18-994, 2018 WL 2017597, at *2 (E.D. La. May 1, 2018) (internal quotation marks omitted).

## LAW AND ANALYSIS

Plaintiff asserts that it has made a sufficient showing of likelihood of success on the merits on appeal because it has met its burden of showing that there is probable cause to believe that Defendants HF Mexico and HF Hunter are alter egos of one another.[10] Defendant responds that Plaintiff is simply re-asserting the same arguments that it made in the Rule E(4)(f) hearing held before Magistrate Judge Dossier and in its Motion to Alter Judgment.

Here, this Court's Order that adopted Judge Dossier's reasons for vacating the attachment addressed all of Plaintiff's arguments as to the potential ground for the Vessel's attachment. While Plaintiff reiterates that the low probable cause standard applied to these matters has been met, Plaintiff has failed to show reasonable grounds that HF Hunter is an alter ego of HF Mexico. Applying the totality-of-the-circumstances test articulated by the Fifth Circuit in *Oxford Capital Corp. v. United States*[11] to the record before it, the Court does not find that HF Mexico has the domination and control of HF Hunter that would permit the veil piercing that Plaintiff seeks. While Plaintiff has cited to multiple cases where courts, including some in this district, have found that a party has met the threshold necessary to sustain maritime attachment after a Rule E(4)(f) hearing, the Court does not find that there is not probable cause here to lift the veil. As such, Plaintiff has not met its burden of making a strong showing that it is likely to succeed on the merits. Accordingly, this factor does not weigh in favor of granting a stay.

---

[10] Plaintiff also avers that it would be successful in appealing this Court's June 30 Order because the Court performed a *de novo* review of Magistrate Judge Dossier's Order granting vacatur without the benefit of an official transcript. Doc. 90 at 7-8. As this would not be a successful appeal "on the merits," the Court will not address this argument here, though it has read an unofficial transcript of the hearing and reviewed all the exhibits used therein before it held oral argument on July 3, 2025.

[11] 211 F.3d 280, 284 .2 (5th Cir. 2000).

Considering the second factor, Plaintiff asserts that it will be irreparably injured if a stay is not granted because it will lose its ability to appeal the Court's decision without a stay, assuming that once the attachment is vacated, the Vessel may be released, and attachment will only be theoretically possible. Plaintiff also adds that it will be injured as a creditor because of the debt it alleges is owed to it by the owners of the Vessel. Defendant responds that whether the Vessel remains attached or not, Atlantic's ability to lodge an appeal is unchanged. Defendant also asserts that HF Mexico's non-payment of a disputed debt is irrelevant to the appropriateness of a stay here, and even if it was relevant, that Plaintiff has attached other vessels as security for its arbitration awards.

Considering the third factor, Plaintiff only states that Defendant can avoid any harm caused by a stay by posting a bond. Defendant responds at length regarding how a stay keeping the Vessel—its "sole asset"—would irreparably harm it. While both parties stand to suffer harm with either outcome, the Court finds that Plaintiff fails to show that a balance of equities weighs heavily in favor of a stay.

Finally, in considering "where the public interest lies," Plaintiff relies on its belief that the attachment of the Vessel is "preserving the status quo" of honoring international arbitration. This only is persuasive, though, if the Vessel is in fact an asset of HF Mexico—the only party in this litigation with whom Plaintiff is engaging in arbitration proceedings. Because the Court adopted Magistrate Judge Dossier's conclusion that it is unlikely that the HF Mexico and HF Hunter are the same entity vis-à-vis an alter ego theory, Plaintiff's argument falls flat. Further, the Court agrees with Defendant's argument that the counterbalances of Rule B's easy issuance of attachment with Rule E's prompt hearing requirement is thrown off kilter by the extended

5

deprivation of property—a course of action that is not in the public interest. As such, Plaintiff's asserted public interest does not weigh in favor of a stay.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED** and Plaintiff's Motion is **GRANTED IN PART**.[12]

**IT IS FURTHER ORDERED** that the United States Marshal is relieved of any and all duties previously imposed by Order of the Court with respect to the *M/V HF Hunter*, and is **ORDERED** to release the vessel to the custody, care and control of her owner, HF Hunter Shipping Pte. Ltd. on Monday, July 7, 2025 at 10 a.m., and is **ORDERED** to take any further actions necessary to do so, to include taking into custody anyone preventing enforcement of this Order.

**IT IS FURTHER ORDERED** that National Maritime Services, Inc. is relieved of its duties as substitute custodian of the *M/V HF Hunter*, and is **ORDERED** release the vessel to the custody, care and control of her owner, HF Hunter Shipping Pte. Ltd. on Monday, July 7, 2025 at 10:00 a.m., and is **ORDERED** to take any further actions necessary to do so.

**IT IS FURTHER ORDERED** that Plaintiff, Atlantic Oceanic, LLC is **ORDERED** to immediately release the vessel to the custody, care and control of her owner, HF Hunter Shipping Pte. Ltd., and is **ORDERED** to take any further actions necessary to do so.

---

[12] Plaintiff's motion is granted to the extent that the Court is not immediately ordering the release of the Vessel to allow Plaintiff time to seek a stay with the Fifth Circuit.

New Orleans, Louisiana this 3th day of July, 2025.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**