**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ATLANTIC OCEANIC LLC,** | ) | **CIVIL ACTION NO. 2:25-cv-00974** |
| | ) | |
| **v.** | ) | **SEC. "H" MAG. (3)** |
| | ) | |
| **HF OFFSHORE SERVICES MEXICO SAPI DE CV, HF HUNTER SHIPPING PTE. LTD., AND HF OFFSHORE TOWING SAPI DE CV** | ) ) ) ) | **JUDGE JANE T. MILAZZO** <br> • **MAG. EVA J. DOSSIER** |
| | ) | |
| ______________________________ | ) | |

**<u>HF HUNTER'S MOTION FOR SANCTIONS</u>**

Defendant HF Hunter Shipping Pte. Ltd. ("HF Hunter"), through undersigned counsel, respectfully moves this Court for sanctions—consisting of attorneys' fees, costs and other expenses—against Plaintiff Atlantic Oceanic LLC ("Atlantic") and its counsel, the law firm of Holland & Knight, under Federal Rule of Civil Procedure 11 and this Court's inherent authority to award sanctions for bad faith conduct.[1]

This Court has already determined that Atlantic's Rule B attachment of the *M/V HF Hunter* was not supported by probable cause and ordered her released. Yet Atlantic's and its counsel's conduct surrounding the attachment and subsequent proceedings went beyond a simple failure to meet its burden to sustain the attachment. Atlantic and Holland & Knight knew, at the time they filed the verified complaint and sought the writ, that HF Hunter and the London arbitration award-debtor were not the same, and thus that attachment was not available under Supplemental Rule B. Atlantic and its counsel pursued the attachment in malicious bad faith, maintained the seizure even

[1] On September 17, 2025, HF Hunter served on Atlantic, through counsel, a copy of this Motion and the attached Memorandum of Law. As of the filing of this Motion, neither Atlantic nor its counsel have responded. The 21-day safe harbor period provided for in Rule 11(c)(2) has expired.

after this Court directed release, and persisted in filing frivolous motions designed only to delay the proceedings and extort HF Hunter.

Because the complaint and subsequent filings were presented for improper purposes and lacked legal or factual support, this Court should sanction Atlantic and its counsel. As part of this sanction, the Court should award HF Hunter its attorneys' fees and costs, and the guard charges that Atlantic forced HF Hunter to pay to secure the release of the Vessel.

HF Hunter respectfully requests that this Court sanction Atlantic and its counsel and award HF Hunter its attorneys' fees and costs incurred for:

A) Between May 15, 2025, and June 20, 2025, filing and prosecuting the attachment action for improper purposes and without evidentiary support, resulting in attorneys' fees of $272,276.40.

B) Between June 21, 2025, and August 11, 2025, defying court orders and improperly filing multiple motions calculated only to unnecessarily delay the Vessel's release and increase litigation costs, again without evidentiary support, resulting in attorneys' fees of $288,496.40;

C) On August 11, 2025, refusing to pay the guard charges that were legally the responsibility of Atlantic, resulting in costs of $103,709.88; and

D) All other relief this Court deems just.

[SIGNATURES ON THE FOLLOWING PAGE]

Dated: October 10, 2025

Respectfully submitted:

/s/ *Miles P. Clements*
Miles P. Clements, T.A. (4184)
Joseph E. Lee III (26968)
Ashley Bossier (40708)
Phelps Dunbar LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: (504) 566-1311
Facsimile: (504) 568-9130
E-Mail: miles.clements@phelps.com
josh.lee@phelps.com

and

Daniel Pulecio-Boek (Pro Hac Vice)
Greenberg Traurig, LLP
2101 L. Street, NW, Suite 1000
Washington D.C. 20037
Telephone: (202) 331-3117
E-Mail: pulecioboekd@gtlaw.com

Michael A. Hass (Pro Hac Vice)
Christian R. Burne (Pro Hac Vice)
Greenberg Traurig, LLP
1750 Tysons Blvd., Suite 1000
McLean, VA 22102
Telephone: (703) 749-1359
(703) 903-7577
E-Mail: hassm@gtlaw.com
christian.burne@gtlaw.com

*Counsel for HF Hunter HF Hunter Shipping Pte. Ltd.*

**RULE 11(c)(2) CERTIFICATION**

I do hereby certify that on September 17, 2025, a copy of the foregoing was served on Plaintiff's counsel. I further certify that I have allowed 21 days to pass before filing this pleading, as required by Federal Rule of Civil Procedure 11(c)(2).

/s/ *Miles P. Clements*

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was filed on this 10th day of October 2025, with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

/s/ *Miles P. Clements*